FILED

AUG 1 3 2026

Judge LaShonda A. Hunt
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY GONZALEZ ALVAREZ

No. 25 CR 635

Judge LaShonda A. Hunt

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant ANTHONY GONZALEZ ALVAREZ, and his attorney, RICARDO MEZA, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A) and Rule 11(c)(1)(C), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.     The second superseding information in this case charges defendant with forcibly interfering with officers and employees of U.S. Customs and Border Protection, an agency of the United States government, while they engaged in the performance of their official duties, in violation of Title 18, United States Code, Section 111(a)(1).

3.     Defendant has read the charge against him contained in the second superseding information, and that charge has been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crime with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the second superseding information, which charges defendant with forcibly interfering with officers and employees of U.S. Customs and Border Protection, an agency of the United States government, while they engaged in the performance of their official duties, in violation of Title 18, United States Code, Section 111(a)(1).

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in the second superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about October 3, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, did forcibly interfere with officers and employees of U.S. Customs and Border Protection, an agency of the United States government, while they engaged in the performance of their official duties, in violation of Title 18, United States Code, Section 111(a)(1).

Specifically, on the morning of October 3, 2025, three U.S. Customs and Border Protection (CBP) officers were traveling together in a vehicle on the south side of Chicago as part of an immigration enforcement operation. At approximately

2

10:30 a.m., defendant, who was driving a black Ford F350 truck, joined a caravan of cars that were following the CBP vehicle. The CBP officer driving the CBP vehicle attempted to put distance between his vehicle and the caravan by speeding forward at various times and driving around cars and, in the process, entering the wrong lane of traffic. Defendant closely followed the CPB vehicle as it attempted these evasion maneuvers, speeding behind the CPB vehicle and entering the wrong lane of traffic with the CBP vehicle. Defendant closely followed the CBP vehicle as it turned right from West 61st Street onto South Kedzie Avenue. As they headed southbound on Kedzie Avenue, defendant continued to drive recklessly and collided his truck into the rear passenger-side of the CBP vehicle. Defendant's driving and collision interfered with the CBP officers' immigration operation.

Defendant acknowledges that the collision caused damage to the CBP vehicle, which cost approximately $1,362 to repair.

## Maximum Statutory Penalties

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 12 months' imprisonment. This offense also carries a maximum fine of $100,000. Defendant understands that the Court also may impose a term of supervised release of not more than one year.

b.     Defendant understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

3

Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $25 on the charge to which he has pleaded guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

8.      Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.      For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

a.      **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following

statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely, the November 1, 2025 Guidelines Manual.

      b.    **Offense Level Calculations**.

          i.    The base offense level is 10, pursuant to Guideline § 2A2.4(a).

          ii.    The offense level is increased by three levels, pursuant to Guideline § 2A2.4(b)(1)(B), because a dangerous weapon was possessed and its use was threatened.

          iii.    The government understands that defendant will truthfully admit the conduct comprising the offense of conviction and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. Therefore, based upon facts now known to the government, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

5

iv.     In accordance with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.     **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal three, and defendant's criminal history category is II:

i.     On or about October 27, 2017, defendant was convicted of driving on a suspended license (misdemeanor) in the Circuit Court of Cook County, Illinois, and sentenced to court supervision. Pursuant to Guideline § 4A1.2(c), defendant does not receive any criminal history points for this sentence.

ii.     On or about April 4, 2018, defendant was convicted of aggravated battery of a peace officer in the Circuit Court of Cook County, Illinois, and sentenced to 24 months' probation. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this sentence.

iii.     On or about July 18, 2019, defendant was convicted of attempted false impersonation of a peace officer (misdemeanor) in the Circuit Court

6

of Cook County, Illinois, and sentenced to one day in jail. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this sentence.

        iv.     On or about March 24, 2021, defendant was convicted of filing a false police report in the Circuit Court of Cook County, Illinois, and sentenced to 24 months' probation. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this sentence.

        d.     **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the government anticipates the offense level to be 11 which, when combined with the anticipated criminal history category of II, results in an anticipated advisory sentencing guidelines range of 10 to 12 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

        e.     Defendant and his attorney and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation.

Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of a change in the government's position on the guideline calculations or the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

### Agreements Relating to Sentencing

11. The government agrees to recommend that the Court impose a sentence of between zero to six months' probation.

12. This Agreement will be governed, in part, by Fed. R. Crim. P. 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court may include probation of zero to six months. Other than the agreed term, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term, defendant may not withdraw this

plea as a matter of right under Fed. R. Crim. P. 11(d) and (e). If, however, the Court refuses to impose the agreed term, thereby rejecting this Agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this Agreement.

13.     Regarding restitution, defendant agrees to pay restitution, arising from the damage caused by the collision of his vehicle into the CBP vehicle, as described above, totaling $1,362, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

14.     Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15.     Defendant agrees to pay the special assessment of $25 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named

9

recipient(s) of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

17. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment and first superseding information as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

18. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 25 CR 635.

19. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

10

## Waiver of Rights

20.     Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

11

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

b.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

c.     **Waiver of appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly

12

waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Agreement. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

21. Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

22. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and

13

conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

23. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

24. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to

disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

25.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

26.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

27.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

28.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court

15

permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions related to case 25 CR 635 that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

29. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

30. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 8/13/26

/s/ Andrew S. Boutros by CKV
ANDREW S. BOUTROS
United States Attorney

ANTHONY GONZALEZ ALVAREZ
Defendant

STEPHANIE STERN
Assistant United States Attorney

RICARDO MEZA
Attorney for Defendant

16